**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

<table>
<tr><td>

HAND HELD PRODUCTS, INC.,

    *Plaintiff*,

v.

SCANDIT AG

    *Defendant*.

</td><td>

CIVIL ACTION NO. 24-11027


**JURY TRIAL DEMANDED**

</td></tr>
</table>

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hand Held Products, Inc. ("Hand Held" or "Plaintiff") files this Complaint against Scandit AG ("Scandit" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

2.      Hand Held has filed this lawsuit to stop Scandit's unlawful infringement of Hand Held's patented inventions and to obtain damages, an injunction, and other relief.

### THE PARTIES

3.      Plaintiff Hand Held Products, Inc. ("Hand Held") is a Delaware corporation with its principal place of business at 855 S Mint St, Charlotte, NC 28202.

4.      On information and belief, Defendant Scandit AG ("Scandit") is a Swiss corporation with its principal place of business at Hardturmstrasse 181, 8005 Zurich, Switzerland.

### JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves a claim arising under the Patent Laws of the

1

United States, 35 U.S.C. § 1, *et seq*. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Scandit under the laws of this State and consistent with the underlying due process principles of the United States Constitution. Scandit is subject to jurisdiction in the United States, and specifically in the State of Illinois, pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

7. On information and belief, Scandit is doing business in this State and District, has significant contacts in this State and District, has offered for sale and sold infringing products in this State and District, and has committed acts in this State and District that are subject of the counts set forth herein. For example, Scandit offers for sale the infringing technology through the Apple App store and Google Play store in the United States, including in this State and District. *See* Exs. 1 and 2 [Scandit Barcode Scanner App on Apple and Google stores].

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(b). *See In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## FACTUAL BACKGROUND

### The Asserted Patents[1]

9. On August 26, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,416,125 ("'125 Patent), titled "Synthesis decoding and methods of use thereof." The inventors of the '125 Patent are Ynjiun P. Wang and Andrew Longacre, Jr. Hand Held is the owner and assignee of the entire right, title, and interest in and to

---

[1] All descriptions of the inventions herein are presented to give a general background of those inventions. Such statements are not intended to be used, nor should be used, for purposes of patent claim interpretation. Hand Held presents these statements subject to, and without waiver of, its right to argue that claim terms should be construed in a particular way, as contemplated by claim interpretation jurisprudence and the relevant evidence.

the '125 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '125 Patent is attached hereto as Exhibit 3.

10. The '125 Patent relates to decoding images. In the prior art, image restoration was a difficult problem. Methods in the prior art would tend to distort the reconstructed image, for example. The prior art had a particularly difficult time if data was missing, corrupted, or smeared.

11. The '125 Patent describes and claims novel and unconventional methods to address the problems in the prior art. The '125 Patent describes and claims technical improvements to barcode readers.

12. For example, before the '125 Patent, it was not well-understood or conventional for barcode readers to combine the claimed detector, signal processor, and Synthesis Decode Table (as claimed in claim 1 of the '125 Patent).

13. The '125 Patent is directed to patent eligible subject matter under 35 U.S.C. § 101 and is entitled to a presumption of validity.

14. On January 25, 2011, the USPTO duly and legally issued U.S. Patent No. 7,874,485 ("'485 Patent"), titled "Adaptive optical image reader." The inventors of the '485 Patent are Timothy Meier, Andrew Longacre, Jr., Thomas Hawley, John Pettinelli and Robert M. Hussey. Hand Held is the owner and assignee of the entire right, title, and interest in and to the '485 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '485 Patent is attached hereto as Exhibit 4.

15. The '485 Patent relates to optical image reader apparatuses and methods. Methods in the prior art would have difficulty adapting and optimizing in certain instances, for example, if a set of image data could not be initially decoded. In the prior art, decoding images was time consuming and prone to repetitive failure.

16.     The '485 Patent describes and claims novel and unconventional methods to address the problems in the prior art. The '485 Patent describes and claims technical improvements to barcode readers.

17.     For example, before the '485 Patent, it was not well-understood or conventional for barcode readers to combine the claimed image sensing component and a computer to create a system adapted to address the problems in the prior art – to capture a first image frame of the barcode, adapt and adjust the image capture parameter based on the first image, and use the adjusted parameter to capture a second image frame of the barcode which is then decoded (as claimed in claim 1 of the '485 Patent).

18.     The '485 Patent is directed to patent eligible subject matter under 35 U.S.C. § 101 and is entitled to a presumption of validity.

19.     On December 24, 2013, the USPTO duly and legally issued U.S. Patent No. 8,615,487 ("'487 Patent"), titled "System and method to store and retrieve identifier associated information content." The inventors of the '487 Patent are Garrison Gomez, Thomas A. Siegler, Robert M. Soule III, Nick Daddabbo and David Sperduti. Hand Held is the owner and assignee of the entire right, title, and interest in and to the '487 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '487 Patent is attached hereto as Exhibit 5.

20.     The '487 Patent relates to systems and methods for storing and retrieving information content associated with an identifier. In the prior art, terminals did not have an efficient and scalable way to provide certain information about a product, for example.

21.     The '487 Patent describes and claims novel and unconventional methods to address the problems in the prior art. The '487 Patent describes and claims technical improvements to systems for storing and retrieving information content related to an identifier bearing item.

22.     For example, before the '487 Patent, it was not well-understood or conventional for barcode reading systems to combine the claimed reader, data storage device, terminal, and database to transmit information content files (as claimed in claim 23 of the '487 Patent).

23.     The '487 Patent is directed to patent eligible subject matter under 35 U.S.C. § 101 and is entitled to a presumption of validity.

24.     On July 5, 2016, the USPTO duly and legally issued U.S. Patent No. 9,384,378 ("'378 Patent"), titled "Low power multi-core decoder system and method." The inventor of the '378 Patent is Ynjiun P. Wang. Hand Held is the owner and assignee of the entire right, title, and interest in and to the '378 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '378 Patent is attached hereto as Exhibit 6.

25.     The '378 Patent relates to portable data terminals. In the prior art, barcode readers decoded 1D and 2D symbologies by generally sequentially executing decode algorithms for the multiple symbologies, for example. The prior art ability to decode 1D and 2D symbologies was relatively time consuming and inefficient.

26.     The '378 Patent describes and claims novel and unconventional methods to address the problems in the prior art. The '378 Patent describes and claims technical improvements to barcode readers.

27.     For example, before the '378 Patent, it was not well-understood or conventional for barcode readers to be able to perform substantially parallel decode operations. Nor was it well-

5

understood or conventional to combine the claimed imaging assembly, multi-core processor, and data cache to process data (as claimed in claim 10 of the '378 Patent).

28. The '378 Patent is directed to patent eligible subject matter under 35 U.S.C. § 101 and is entitled to a presumption of validity.

29. On May 23, 2017, the USPTO duly and legally issued U.S. Patent No. 9,659,203 ("'203 Patent"), titled "Low Power Multi-Core Decoder System and Method." The inventor of the '203 Patent is Ynjiun P. Wang. Hand Held is the owner and assignee of the entire right, title, and interest in and to the '203 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '203 Patent is attached hereto as Exhibit 7.

30. The '203 Patent relates to methods for using portable data terminals. In the prior art, barcode readers decoded 1D and 2D symbologies by generally sequentially executing decode algorithms for the multiple symbologies, for example. The prior art ability to decode 1D and 2D symbologies was relatively time consuming and inefficient.

31. The '203 Patent describes and claims novel and unconventional methods to address the problems in the prior art. The '203 Patent describes and claims technical improvements to methods for using a portable data terminal.

32. For example, before the '203 Patent, it was not well-understood or conventional for barcode readers to be able to perform substantially parallel decode operations. Nor was it well-understood or conventional to capture an image of a target, synchronously and in parallel decode any one-dimensional symbol, decode any two-dimensional symbol, and transmit data (as claimed in claim 1 of the '203 Patent).

33. The '203 Patent is directed to patent eligible subject matter under 35 U.S.C. § 101 and is entitled to a presumption of validity.

34.     The '125 Patent, '485 Patent, '487 Patent, '378 Patent, and '203 Patent are collectively referred to as the "Asserted Patents".

**<u>Scandit's Infringing Activities</u>**

35.     Scandit develops and sells products and provides services related to barcode scanning. For example, on its website Scandit advertises that "Scandit barcode scanning software turns smart devices into high-performance and cost-efficient smart data capture tools." *See* Ex. 3.

36.     Scandit's software and hardware products infringe one or more claims of the Asserted Patents. In particular, the Scandit Barcode SDK has infringed and continues to infringe on Hand Held's valuable intellectual property, including one or more claims of the Asserted Patents. Scandit is using Hand Held's patented technology without a license or Hand Held's permission.

37.     According to Scandit, the Scandit Barcode SDK "offers total flexibility to design and customize scanning in native apps." Ex. 8.

38.     On May 16, 2019, Hand Held sent Scandit a letter notifying Scandit that its products infringe several Hand Held patents including the '125 Patent, '485 Patent, '487 Patent, and '203 Patent.

39.     Scandit's actions are willful or at least objectively reckless as to the risk of infringing a valid patent, and this objective risk was either known or should have been known by Scandit.

7

## COUNT I – INFRINGEMENT OF THE '125 PATENT

40.     Hand Held incorporates by reference the allegations contained in all preceding paragraphs.

41.     Scandit has directly infringed and continues to directly infringe at least claim 1 of the '125 Patent—both literally and under the doctrine of equivalents—by making, using, selling, and/or offering for sale products that embody the inventions disclosed in the '125 Patent, including the Scandit Barcode SDK. On information and belief, Scandit has also directly infringed claim 1 of the '125 Patent by developing, testing, and using the Scandit Barcode SDK in the United States.

42.     The use of the Scandit Barcode SDK meets every limitation of at least claim 1 of the '125 Patent. Accordingly, Scandit directly infringes the '125 Patent in violation of 35 U.S.C. § 271(a). A non-limiting chart evidencing Scandit's infringement of claim 1 of the '125 Patent is attached hereto as Exhibit 9.

43.     Scandit also indirectly infringed and continues to indirectly infringe at least claim 1 of the '125 Patent with knowledge of, or being willfully blind that its actions constitute infringement, at least since May 16, 2019.

44.     End users of the Scandit Barcode SDK directly infringe at least claim 1 of the '125 Patent by using the Scandit Barcode SDK in the United States. On information and belief, in violation of 35 U.S.C. § 271(b), Scandit specifically intended to induce infringement of the '125 Patent by its customers and users of the Scandit Barcode SDK and had knowledge that its acts would cause infringement or was willfully blind to the possibility that its acts would cause infringement.

45.     Scandit had induced and continues to induce infringement of the '125 Patent by providing information and instruction on using the Scandit Barcode SDK in an infringing manner

evidenced at least by: (1) marketing and sales materials provided to its customers and potential customers through its website and its other marketing activities; (2) the instructions and information contained in Scandit's instructional materials; and (3) instructional videos published by Scandit on YouTube. For example, Scandit provides instructions and documentation on its website showing induced infringement of the '125 Patent. *See, e.g.,* https://docs.scandit.com/stable/c_api/index.html (last accessed October 25, 2024).

46. Scandit contributes to infringement of the '125 Patent by others, in violation of 35 U.S.C. § 271(c), by marketing and offering for sale the Scandit Barcode SDK, which is especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses.

47. Despite its knowledge of the '125 Patent, Scandit infringed and continues to infringe the patent. Accordingly, Scandit's infringement is willful.

48. As a result of Scandit's infringement of the '125 Patent, Hand Held has suffered damages and will continue to suffer damages. Unless enjoined by this Court, Scandit's infringement will continue, resulting in further irreparable harm to Hand Held. Under 35 U.S.C. § 283, Hand Held is entitled to a permanent injunction against further infringement.

49. Hand Held has complied with 35 U.S.C. § 287 with respect to the '125 Patent as reflected by its virtual marking practice. *See* https://sps.honeywell.com/us/en/support/productivity/patents.

50. Hand Held is entitled to recover damages from Scandit not less than a reasonable royalty adequate to compensate for the infringement.

## COUNT II – INFRINGEMENT OF THE '485 PATENT

51. Hand Held incorporates by reference the allegations contained in all preceding paragraphs.

52. Scandit has directly infringed and continues to directly infringe at least claim 1 of the '485 Patent—both literally and under the doctrine of equivalents—by making, using, selling, and/or offering for sale products that embody the inventions disclosed in the '485 Patent, including the Scandit Barcode SDK. On information and belief, Scandit has also directly infringed claim 1 of the '485 Patent by developing, testing, and using the Scandit Barcode SDK in the United States.

53. The use of the Scandit Barcode SDK meets every limitation of at least claim 1 of the '485 Patent. Accordingly, Scandit directly infringes the '485 Patent in violation of 35 U.S.C. § 271(a). A non-limiting chart evidencing Scandit's infringement of claim 1 of the '485 Patent is attached hereto as Exhibit 10.

54. Scandit also indirectly infringed and continues to indirectly infringe at least claim 1 of the '485 Patent with knowledge of, or being willfully blind that its actions constitute infringement, at least since May 16, 2019.

55. End users of the Scandit Barcode SDK directly infringe at least claim 1 of the '485 Patent by using the Scandit Barcode SDK in the United States. On information and belief, in violation of 35 U.S.C. § 271(b), Scandit specifically intended to induce infringement of the '485 Patent by its customers and users of the Scandit Barcode SDK and had knowledge that its acts would cause infringement or was willfully blind to the possibility that its acts would cause infringement.

56. Scandit had induced and continues to induce infringement of the '485 Patent by providing information and instruction on using the Scandit Barcode SDK in an infringing manner

evidenced at least by: (1) marketing and sales materials provided to its customers and potential customers through its website and its other marketing activities; (2) the instructions and information contained in Scandit's instructional materials; and (3) instructional videos published by Scandit on YouTube. For example, Scandit provides instructions and documentation on its website showing induced infringement of the '485. Patent. *See, e.g.,* https://docs.scandit.com/stable/c_api/index.html (last accessed October 25, 2024).

57. Scandit contributes to infringement of the '485 Patent by others, in violation of 35 U.S.C. § 271(c), by marketing and offering for sale the Scandit Barcode SDK, which is especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses.

58. Despite its knowledge of the '485 Patent, Scandit infringed and continues to infringe the patent. Accordingly, Scandit's infringement is willful.

59. As a result of Scandit's infringement of the '485 Patent, Hand Held has suffered damages and will continue to suffer damages. Unless enjoined by this Court, Scandit's infringement will continue, resulting in further irreparable harm to Hand Held. Under 35 U.S.C. § 283, Hand Held is entitled to a permanent injunction against further infringement.

60. Hand Held has complied with 35 U.S.C. § 287 with respect to the '485 Patent as reflected by its virtual marking practice. *See* https://sps.honeywell.com/us/en/support/productivity/patents.

61. Hand Held is entitled to recover damages from Scandit not less than a reasonable royalty adequate to compensate for the infringement.

## COUNT III – INFRINGEMENT OF THE '487 PATENT

62. Hand Held incorporates by reference the allegations contained in all preceding paragraphs.

63. Scandit has directly infringed and continues to directly infringe at least claim 23 of the '487 Patent—both literally and under the doctrine of equivalents—by making, using, selling, and/or offering for sale products that embody the inventions disclosed in the '487 Patent, including the Scandit Barcode SDK. On information and belief, Scandit has also directly infringed claim 23 of the '487 Patent by developing, testing, and using the Scandit Barcode SDK in the United States.

64. The use of the Scandit Barcode SDK meets every limitation of at least claim 23 of the '487 Patent. Accordingly, Scandit directly infringes the '487 Patent in violation of 35 U.S.C. § 271(a). A non-limiting chart evidencing Scandit's infringement of claim 23 of the '487 Patent is attached hereto as Exhibit 11.

65. Scandit also indirectly infringed and continues to indirectly infringe at least claim 23 of the '487 Patent with knowledge of or being willfully blind that its actions constitute infringement, at least since May 16, 2019.

66. End users of the Scandit Barcode SDK directly infringe at least claim 23 of the '487 Patent by using the Scandit Barcode SDK in the United States. On information and belief, in violation of 35 U.S.C. § 271(b), Scandit specifically intended to induce infringement of the '487 Patent by its customers and users of the Scandit Barcode SDK and had knowledge that its acts would cause infringement or was willfully blind to the possibility that its acts would cause infringement.

67. Scandit had induced and continues to induce infringement of the '487 Patent by providing information and instruction on using the Scandit Barcode SDK in an infringing manner

evidenced at least by: (1) marketing and sales materials provided to its customers and potential customers through its website and its other marketing activities; (2) the instructions and information contained in Scandit's instructional materials; and (3) instructional videos published by Scandit on YouTube. For example, Scandit provides instructions and documentation on its website showing induced infringement of the '487 Patent. *See, e.g.*, https://www.scandit.com/industries/manufacturing/ (last accessed October 25, 2024).

68.     Scandit contributes to infringement of the '487 Patent by others, in violation of 35 U.S.C. § 271(c), by marketing and selling the Scandit Barcode SDK, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses.

69.     Despite its knowledge of the '487 Patent, Scandit infringed and continues to infringe the patent. Accordingly, Scandit's infringement is willful.

70.     As a result of Scandit's infringement of the '487 Patent Hand Held has suffered damages and will continue to suffer damages. Unless enjoined by this Court, Scandit's infringement will continue, resulting in further irreparable harm to Hand Held. Under 35 U.S.C. § 283, Hand Held is entitled to a permanent injunction against further infringement.

71.     Hand Held has complied with 35 U.S.C. § 287 with respect to the '487 Patent as reflected by its virtual marking practice. *See*

https://sps.honeywell.com/us/en/support/productivity/patents.

72.     Hand Held is entitled to recover damages from Scandit not less than a reasonable royalty adequate to compensate for the infringement.

## COUNT IV – INFRINGEMENT OF THE '378 PATENT

73. Hand Held incorporates by reference the allegations contained in all preceding paragraphs.

74. Scandit has directly infringed and continues to directly infringe at least claim 10 of the '378 Patent—both literally and under the doctrine of equivalents—by making, using, selling, and/or offering for sale products that embody the inventions disclosed in the '378 Patent, including the Scandit Barcode SDK. On information and belief, Scandit has also directly infringed claim 10 of the '378 Patent by developing, testing, and using the Scandit Barcode SDK in the United States.

75. The use of the Scandit Barcode SDK meets every limitation of at least claim 10 of the '378 Patent. Accordingly, Scandit directly infringes the '378 Patent in violation of 35 U.S.C. § 271(a). A non-limiting chart evidencing Scandit's infringement of claim 10 of the '378 Patent is attached hereto as Exhibit 12.

76. Scandit also indirectly infringed and continues to indirectly infringe at least claim 10 of the '378 Patent with knowledge of or being willfully blind that its actions constitute infringement, at least since the filing of the complaint.

77. End users of the Scandit Barcode SDK directly infringe at least claim 10 of the '378 Patent by using the Scandit Barcode SDK in the United States. On information and belief, in violation of 35 U.S.C. § 271(b), Scandit specifically intended to induce infringement of the '378 Patent by its customers and users of the Scandit Barcode SDK and had knowledge that its acts would cause infringement or was willfully blind to the possibility that its acts would cause infringement.

78. Scandit had induced and continues to induce infringement of the '378 Patent by providing information and instruction on using the Scandit Barcode SDK in an infringing manner

evidenced at least by: (1) marketing and sales materials provided to its customers and potential customers through its website and its other marketing activities; (2) the instructions and information contained in Scandit's instructional materials; and (3) instructional videos published by Scandit on YouTube. For example, Scandit provides instructions and documentation on its website showing induced infringement of the '378 Patent. *See, e.g.,* https://docs.scandit.com/stable/c_api/index.html (last accessed October 25, 2024).

79.     Scandit contributes to infringement of the '378 Patent by others, in violation of 35 U.S.C. § 271(c), by marketing and selling the Scandit Barcode SDK, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses.

80.     Despite its knowledge of the '378 Patent, Scandit infringed and continues to infringe the patent. Accordingly, Scandit's infringement is willful.

81.     As a result of Scandit's infringement of the '378 Patent, Hand Held has suffered damages and will continue to suffer damages. Unless enjoined by this Court, Scandit's infringement will continue, resulting in further irreparable harm to Hand Held. Under 35 U.S.C. § 283, Hand Held is entitled to a permanent injunction against further infringement.

82.     Hand Held has complied with 35 U.S.C. § 287 with respect to the '378 Patent as reflected by its virtual marking practice. *See* https://sps.honeywell.com/us/en/support/productivity/patents.

83.     Hand Held is entitled to recover damages from Scandit not less than a reasonable royalty adequate to compensate for the infringement.

## COUNT V – INFRINGEMENT OF THE '203 PATENT

84. Hand Held incorporates by reference the allegations contained in all preceding paragraphs.

85. Scandit has directly infringed and continues to directly infringe at least claim 1 of the '203 Patent—both literally and under the doctrine of equivalents—by making, using, selling, and/or offering for sale products that embody the inventions disclosed in the '203 Patent, including the Scandit Barcode SDK. On information and belief, Scandit has also directly infringed claim 1 of the '203 Patent by developing, testing, and using the Scandit Barcode SDK in the United States.

86. The use of the Scandit Barcode SDK meets every limitation of at least claim 1 of the '203 Patent. Accordingly, Scandit directly infringes the '203 Patent in violation of 35 U.S.C. § 271(a). A non-limiting chart evidencing Scandit's infringement of claim 1 of the '203 Patent is attached hereto as Exhibit 13.

87. Scandit also indirectly infringed and continues to indirectly infringe at least claim 1 of the '203 Patent with knowledge of, or being willfully blind that its actions constitute infringement, at least since May 16, 2019.

88. End users of the Scandit Barcode SDK directly infringe at least claim 1 of the '203 Patent by using the Scandit Barcode SDK in the United States. On information and belief, in violation of 35 U.S.C. § 271(b), Scandit specifically intended to induce infringement of the '203 Patent by its customers and users of the Scandit Barcode SDK and had knowledge that its acts would cause infringement or was willfully blind to the possibility that its acts would cause infringement.

89. Scandit had induced and continues to induce infringement of the '203 Patent by providing information and instruction on using the Scandit Barcode SDK in an infringing manner

evidenced at least by: (1) marketing and sales materials provided to its customers and potential customers through its website and its other marketing activities; (2) the instructions and information contained in Scandit's instructional materials; and (3) instructional videos published by Scandit on YouTube. For example, Scandit provides instructions and documentation on its website showing induced infringement of the '203 Patent. *See, e.g.,* https://docs.scandit.com/stable/c_api/index.html (last accessed October 25, 2024).

90. Scandit contributes to infringement of the '203 Patent by others, in violation of 35 U.S.C. § 271(c), by marketing and offering for sale the Scandit Barcode SDK, which is especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses.

91. Despite its knowledge of the '203 Patent, Scandit infringed and continues to infringe the patent. Accordingly, Scandit's infringement is willful.

92. As a result of Scandit's infringement of the '203 Patent, Hand Held has suffered damages and will continue to suffer damages. Unless enjoined by this Court, Scandit's infringement will continue, resulting in further irreparable harm to Hand Held. Under 35 U.S.C. § 283, Hand Held is entitled to a permanent injunction against further infringement.

93. Hand Held has complied with 35 U.S.C. § 287 with respect to the '203 Patent as reflected by its virtual marking practice. *See* https://sps.honeywell.com/us/en/support/productivity/patents.

94. Hand Held is entitled to recover damages from Scandit not less than a reasonable royalty adequate to compensate for the infringement.

## DAMAGES

95.     As a result of Scandit's acts of infringement, Hand Held has suffered actual and consequential damages. Hand Held does not yet know the full extent of the infringement, however, and its extent cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, Hand Held seeks recovery of damages at least for reasonable royalties, unjust enrichment, and benefits received by Scandit as a result of using misappropriated Hand Held technology. Hand Held further seeks all other damages to which Hand Held is entitled under law or in equity, including lost profits and enhanced damages.

## DEMAND FOR JURY TRIAL

96.     Pursuant to Federal Rule of Civil Procedure 38(b), Hand Held hereby respectfully requests trial by jury for all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Hand Held respectfully requests that judgment be entered in favor of Hand Held and against Scandit as follows:

A. A judgment the Asserted Patents are directly and indirectly infringed by Scandit's manufacture, offers to sell, sales, or uses of the accused products within the United States, or importation into the United States, including without limitation, that practice one or more inventions claimed in the Asserted Patents;

B. An order permanently enjoining Scandit, its affiliates and subsidiaries, and each of its officers, agents, servants, and employees and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing products or processes claimed in any of the claims of the Asserted Patents, and from causing or encouraging others to use, sell, offer for sale, or import products or processes that infringe any claim

of the Asserted Patents, until after the expiration dates of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Hand Held is or may become entitled;

C. An order awarding damages under 35 U.S.C. § 284 in an amount sufficient to compensate Hand Held for their damages arising from infringement by Scandit, including, but not limited to, lost profits and/or a reasonable royalty, together with pre-judgment and post-judgment interest, and costs;

D. An order awarding treble damages for willful infringement by Scandit, pursuant to 35 U.S.C. § 284;

E. An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

F. A judgment declaring that this case is exceptional, and an award to Hand Held its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G. An order awarding damages to Hand Held for its costs of suit;

H. Such other relief as this Court or a jury may deem proper and just under the circumstances.

Date:  October 25, 2024                              PAUL HASTINGS LLP


                                        /s/  Doug L. Sawyer
                                        Douglas L. Sawyer, Esq. (#6275849)
                                        Mark T. Smith, Esq. (#6315040)
                                        PAUL HASTINGS, LLP
                                        71 South Wacker Drive, 45th Floor
                                        Chicago, IL 60606
                                        (312) 499-6000
                                        dougsawyer@paulhastings.com
                                        marksmith@paulhastings.com


                                        *Attorneys for Plaintiff*